EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
One Newark Center, 21st Floor
Newark, N.J. 07102
Rosemary DiSavino, Trial Attorney
(973) 645-6430
Fax:  973-645-4524
rosemary.disavino@eeoc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY**       :
**COMMISSION,**                                                    :
                                                                                    :      Civil Action No.
                                         **Plaintiff,**           :
                                                                                    :
                    v.                                                         :      **COMPLAINT**
                                                                                    :      **AND JURY TRIAL DEMAND**
**FAPS, INC.**                                                           :
                                         **Defendant.**       :
-----------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, against Defendant FAPS, Inc. ("Defendant") to correct unlawful employment practices on the basis of race and disability, and to provide appropriate relief to a class of potential and actual applicants who were adversely affected by such practices.  As alleged with greater particularity below, Defendant has engaged in an ongoing pattern or practice of race discrimination against African Americans in recruitment and hiring, in violation of Title VII.  Further, as alleged with greater particularity below, Defendant violated the ADA by making improper preemployment disability-related inquiries of applicants.  Defendant's headquarters and main facility is located at 371 Craneway Street, Newark, New Jersey, 07114.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and -6; Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and of Title I of the ADA and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§2000e -5 (f)(1) and (3) and -6, and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. § 2000e -5 (f)(1).

4.      At all relevant times, Defendant FAPS, Inc. has been a New Jersey corporation doing business in the State of New Jersey, with its headquarters and primary location in the City of Newark, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h), and under Section 101(5) of the ADA, 42 U.S.C. § 12111(5),

and Section 101(7) of the ADA, 42 U.S.C.§ 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission by Stuart Ishimaru, a member thereof, alleging violations of Title VII by Defendant. The Commission found reasonable cause to believe that Defendant engaged in a company-wide pattern or practice of discriminating against African Americans in recruiting and hiring. Arising out of the investigation, the Commission found that Defendant made improper preemployment disability-related inquiries in its application forms, in violation of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2004 through the present, Defendant has engaged in a pattern or practice of unlawful employment practices in violation of Sections 703(a) and (k) of Title VII, 42 U.S.C. §§ 2000e, 2000e-2(a) and 2000e-2(k).

9. Since at least 2004, Defendant has engaged in ongoing systemic discrimination by failing or refusing to hire a class of African American job applicants and prospective job applicants because of their race, resulting in a disparate impact for African Americans, in violation of Title VII, Sections 703(a) and (k) of Title VII, 42 U.S.C. §§ 2000e, 2000e-2(a) and 2000e-2(k). Specifically:

    a. Defendant has almost exclusively utilized, and continues to utilize, word-of-mouth recruiting for its hiring of employees for entry level positions;

  b. Defendant, before 2004 and continuing thereafter, has had, and continues to have, a statistically significant smaller percentage of African American employees in entry level positions than would be expected given the relevant labor market in the area where Defendant is located;

  c. The word-of-mouth recruiting practice used by Defendant is a facially neutral employment practice that has had and continues to have a significant disparate impact on African American prospective applicants by resulting in a statistically significantly smaller percentage of African American applicants for and employees in entry level positions than would be expected given the relevant labor market in the area where Defendant is located;

  d. This word-of-mouth recruitment practice is not job-related for the positions in question and is not consistent with business necessity;

  e. Less discriminatory alternative employment practices exist;

  f. Defendant's word-of-mouth recruiting practice has resulted in and continues to result in Defendant's refusal or failure to hire African Americans for entry level positions, and has deterred African Americans from applying for entry level positions with Defendant.

10. Since at least 2004, Defendant has engaged in an ongoing pattern or practice of disparate treatment against African Americans by failing or refusing to hire a class of African American job applicants and prospective job applicants because of their race, in violation of Title VII, Section 703(a) of Title VII, 42 U.S.C. §§ 2000e and 2000e-2(a).  Specifically:

    a. Defendant refused to hire qualified African American applicants for entry level positions because of their race and instead hired less qualified or similarly qualified non-African American applicants for such positions;

    b. Defendant falsely told a number of African American applicants for entry level positions that no such positions were available when, in fact, Defendant was hiring non-African American applicants for such positions;

    c. Defendant utilized word-of-mouth recruiting for entry level positions, resulting in a statistically significantly smaller percentage of African American applicants and employees in entry level positions than would be expected given the relevant labor market in the area where Defendant is located;

    d. Defendant hired African American applicants for entry level positions at a statistically significant lower rate compared to non-African American applicants than would be expected.

11. The effect of the practices complained of in paragraphs 9 and 10 has been to deprive actual and potential African American applicants of equal employment opportunities with Defendant and otherwise adversely affected their status as applicants for employment because of their race.

12. The unlawful employment practices complained of in paragraph 10 are and were intentional.

13. The unlawful employment practices complained of in paragraph 10 were done with malice or with reckless indifference to the federally protected rights of the class of actual and potential African American applicants.

14. Since at least 2004 through the present, Defendant has engaged in unlawful employment practices in violation of Section 102(d) of the ADA, 42 U.S.C. §12112(d), by making unlawful disability-related inquiries of job applicants on its application forms.

15. The effect of the practices complained of in paragraph 14 has been to deprive applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment.

16. The unlawful employment practices complained of in paragraph 14 are and were intentional.

17. The unlawful employment practices complained of in paragraph 14 were done with malice or with reckless indifference to the federally protected rights of the class of actual and potential applicants with disabilities for entry level positions with Defendant.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from: engaging in race discrimination, including discriminatory failure or refusal to hire, using recruiting methods with significant disparate impact that are not job related and consistent with business necessity or for which there are less discriminatory alternatives, and engaging in any other employment practice which discriminates on the basis of race.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination under the ADA, including making any preemployment disability-related inquiries or other disability-related inquiries that violate the ADA.

  C. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to institute and carry out policies, practices, and programs which provide equal opportunities for African Americans and qualified individuals with disabilities which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to make whole the class of individuals adversely affected by Defendant's unlawful employment practice, including aggrieved job applicants and deterred applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, or front pay in lieu of rightful-place hiring.

  E. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to make whole the class of individuals adversely affected by Defendant's unlawful employment practice, including aggrieved job applicants and deterred applicants, by providing compensation for any past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  F. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to make whole the class of individuals adversely affected by Defendant's unlawful employment practice, including aggrieved job applicants and deterred applicants, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, embarrassment, loss of enjoyment of life and activities of life, and humiliation, in amounts to be determined at trial.

      G.      Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to pay the class of individuals adversely affected by Defendant's unlawful employment practice, including aggrieved job applicants and deterred applicants, punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated: June 17, 2010
      Newark, New Jersey

                                   Respectfully submitted,

                                   P. David Lopez
                                   General Counsel

                                   James Lee
                                   Deputy General Counsel

                                   Gwendolyn Y. Reams
                                   Associate General Counsel

                                   EQUAL EMPLOYMENT OPPORTUNITY
                                   COMMISSION
                                   131 M Street, N.E.
                                   Washington, D.C.  20507


                                   s/ Elizabeth Grossman
                                   Elizabeth Grossman
                                   Regional Attorney
                                   elizabeth.grossman@eeoc.gov

s/ Judy Keenan
Judy Keenan
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 212-336-3705
Facsimile No.: 212-336-3623
judy.keenan@eeoc.gov


s/ Rosemary DiSavino
Rosemary DiSavino
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
One Newark Center, 21st Floor
Newark, NJ 07102-5233
Telephone No.: 973-645-6430
Facsimile No.:  973-645-4524
Email:  rosemary.disavino@eeoc.gov