**Motion to Compel**
**Returnable November 7, 2011**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>       Plaintiff,<br>v.<br><br>FAPS, Inc.,<br>       Defendant.<br><br>FAPS, Inc.,<br><br>       Third-Party Plaintiff,<br>v.<br><br>LOCAL 1478, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION<br><br>and<br><br>THE WATERFRONT COMMISSION OF THE NEW YORK HARBOR<br><br>       Third-Party Defendants. | Civil Action No. 3:10-cv-03095-PGS-DEA |

---

PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
One Newark Center, 21st Floor
Newark, N.J. 07102
(973) 645-6430

Rosemary DiSavino
On the Brief

# Table of Contents

Page No.

Introductory Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ARGUMENT

I.     THE COURT SHOULD COMPEL PRODUCTION OF DISCOVERY FROM 2000 THROUGH 2003 BECAUSE THE TEMPORAL SCOPE IS REASONABLE, AND THE REQUEST SEEKS RELEVANT INFORMATION NECESSARY FOR EEOC TO PROPERLY AND FULLY PREPARE ITS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

     A.    The Temporal Scope of EEOC's Discovery Requests Is Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

     B.    The Disputed Discovery Requests Seek Relevant Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

II.    THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE FUNDAMENTAL, DISPUTED DISCOVERY SINCE DEFENDANT CANNOT SHOW THAT THE REQUEST SEEKS IRRELEVANT DISCOVERY OR THAT PRODUCTION WOULD BE UNDULY BURDENSOME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

III.   A DETERMINATION OF THE PROPER TEMPORAL SCOPE OF DISCOVERY IN THIS LITIGATION IS UNRELATED TO THE SCOPE OF EEOC'S ADMINISTRATIVE INVESTIGATION . . . . . . . . . . . . .   8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

## *Table of Authorities*

*Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) . . . . . . . . . . . . . . . . . . . . 5

*EEOC v. Dial Corp.*, 156 F.Supp. 2d 926 (N.D. 2011 2001) . . . . . . . . . . . . . . . . . . 6

*EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F. 3d 448 (6th Cir. 1999) . . . . . . . . . 6

*EEOC v. Gen. Elec. Co.*, 532 F.2d 359 (4th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . 6

*EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260 (D. Minn. 2009) . . . . . . . . . . . . . . 9

*EEOC v. Hickey-Mitchell Co.*, 372 F Supp. 1117 (E.D. Mo. 1973) . . . . . . . . . . . . . 9

*EEOC v. Home Insurance Co.*, 1981 U.S. Dist. LEXIS 11668
    (S.D.Tex. March 6, 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*EEOC v. Keco Industries, Inc.*, 748 F. 2d 1097 (6th Cir. 1984) . . . . . . . . . . . . . . . . 9

*EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975) . . . . . . . . . . . . . . . 6

*EEOC v. LA Weight Loss*, 509 F. Supp. 2d 527 (D. Md. 2007) . . . . . . . . . . . . . . . . 6

*EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F.Supp. 1059 (C.D. Ill. 1998) . . . 6

*EEOC v. New York News, Inc.*, 1985 U.S. Dist. LEXIS 17462
    (S.D.N.Y. July 26, 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*EEOC v. Rymer Foods, Inc.*, 1989 U.S. Dist. LEXIS 9003 (N.D. Ill. July 28, 1989) . . 6

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*EEOC v. Sterling Jewelers, Inc.*, 2009 U.S. Dist. LEXIS 12210
    (W.D.N.Y. Oct. 1, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117
    (D.Nev. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*EEOC v. Wilson Metal Casket Co.*, 24 F. 3d 836 (6th Cir. 1994) . . . . . . . . . . . . . . 6

*Gen.Tel.Co., v. EEOC*, 446 U.S. 318 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

## *Table of Authorities*
*-con't-*

*Guiterrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418
(D.N.J. Aug. 15, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. Public Service Elec. & Gas Co.*, 2007 U.S. Dist. LEXIS 5412
(D.N.J. Jan. 24, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) . . . . . . . . . . . . . . . . 3

*James v. Newspaper Agency Corp.*, 591 F. 2d 579 (10th Cir. 1979) . . . . . . . . . . . . 5

*Kresesky v. Panasonic Comm. & Sys. Co.*, 169 F.R.D. 54 (D.N.J. 1996) . . . . . . . . 4

*Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62 (E.D. Mo 1995) . . . . . . . . . . . . . . . . 5

*McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D. Pa. 1979) . . . . . . . . . . . . . . . . . 5

*Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643 (E.D. Pa. 2000) . . . . . . 5

*Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628 (E.D. Pa. 1977) . . . . . . . . . . . 5

*Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49 (D.N.J. 1985) . . . . . . . . . . . . . 4, 5

*Salamone v. Carter's Retail, Inc.*, Docket No.09-5856, 2011 U.S. Dist.
LEXIS 8425 (D.N.J. Jan. 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sempier v. Johnson & Higgins*, 45 F.3d 724 (3d Cir. 1995),
cert. denied, 515 U.S. 1159 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stevenson v. Gen. Elec. Co.*, 1978 U.S. Dist. LEXIS 15133
(S.D. Ohio Oct. 4, 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153 (D.D.C. 2003) . . . . . . . . . . . . . 5

*Wilson v. International Flavors & Fragrances, Inc.*, 2010 U.S. Dist.
LEXIS 43405 (D.N.J. May 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Introductory Statement

EEOC commenced this action to remedy an ongoing pattern or practice of race discrimination against African Americans in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter, "Title VII") resulting from Defendant FAPS' word-of-mouth recruitment, and its selection and hiring practices. Defendant's almost exclusive reliance on word-of-mouth recruiting has resulted in its failure or refusal to hire African Americans, has deterred African Americans from applying for jobs, and has perpetuated and preserved an almost all-white workforce in a geographic area heavily populated by non whites. EEOC Complaint ¶ 9. EEOC alleges additional race-based discrimination in that Defendant FAPS falsely told African-American applicants that no jobs were available when, in fact, Defendant was hiring non blacks. EEOC Complaint ¶ 10(a).[1]

The Complaint alleges, inter alia, that Defendant has engaged in ongoing systemic discrimination against African American job applicants and prospective job applicants since at least 2004. Complaint ¶ 8 – 9. EEOC has requested that Defendant provide discovery responses from the period of 2000 through the present. Upon review and analysis of information and data from 2000, EEOC will determine whether it is appropriate to amend the Complaint to encompass Defendant's conduct from 2000 through 2003. The first step in making that determination is to obtain the relevant information. Defendant does not object to providing discovery relating to the period of 2004 through the present.

---

[1] The Complaint also seeks redress for Defendant's impermissible pre-employment disability-related inquiries. Specifically, Defendant's employment application asks whether the applicant has "any impairment, physical, mental or medical which will prevent you from satisfactorily performing the job for which you have appl[ied] allowing for reasonable accommodation? If Yes, please explain." Complaint ¶¶ 14-17. The Americans with Disabilities Act, as amended, ("ADA") prohibits such pre-employment medical inquiries.

EEOC asks the Court to order Defendant FAPS to provide discovery for the period from January 1, 2000 to December 31, 2003, the only time frame in dispute.[2] As discussed more fully below, EEOC's Motion to Compel should be granted for several important reasons. Under the liberal discovery standards provided for by the Federal Rules of Civil Procedure and well-settled jurisprudence, heightened here in this EEOC-initiated, pattern-or-practice race discrimination case, the temporal scope of the requested discovery is reasonable. Further, it is clear from the limited pre-2004 information produced thus far that the requested discovery will likely produce information vital to EEOC's case. Discovery of, for example, information related to persons who applied for work during the disputed period, persons who were hired during that time, and the type of jobs filled by Defendant during that time will permit EEOC to identify potential claimants, analyze comparators, and conduct a more complete statistical analysis. Simply put, the disputed discovery, which EEOC is unable to obtain elsewhere, goes to the heart of this pattern-or-practice failure-to-hire case.

As set forth in the accompanying Affidavit, the parties' good faith efforts to resolve this discovery dispute have failed. EEOC respectfully requests that the Court grant its Motion.

## ARGUMENT

**I. THE COURT SHOULD COMPEL PRODUCTION OF DISCOVERY FROM 2000 THROUGH 2003 BECAUSE THE TEMPORAL SCOPE IS REASONABLE, AND THE REQUEST SEEKS RELEVANT INFORMATION NECESSARY FOR EEOC TO PROPERLY AND FULLY PREPARE ITS CASE.**

---

[2] Defendant FAPS has been inconsistent in this regard in the litigation. Although it objects to providing any discovery which pre-dates 2004, it relies upon information and documents produced during EEOC's administrative investigation, some of which pre-dates 2004. And, while Defendant FAPS indicated during EEOC's administrative investigation, through prior counsel, that it was unable to locate applicant data prior to 2003, it did produce other documents and narrative responses regarding hiring its hiring and business practices prior to 2004.

2

Pursuant to an explicit grant of authority under Title VII, where, as here, EEOC believes that an employer has engaged in a pattern or practice of discrimination, it may initiate a Charge of Discrimination on its own (a Commissioner's Charge). 42 U.S.C. § 2000e-6(e). EEOC filed a Commissioner's Charge against FAPS, investigated FAPS' hiring practices with respect to race, then brought this lawsuit, pursuant to its explicit statutory authority under §§706 (f)(1) and (3) and § 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and(3), alleging a pattern or practice of hiring practices that subject African Americans to both disparate treatment and disparate impact. EEOC's authority to initiate and litigate pattern-or-practice cases to vindicate the public interest and secure relief for individual victims is well settled. *See Int'l Bhd of Teamsters v. United States*, 431 U.S. 324 (1977); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296 (2002); *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326-29, 331 (1980). Here, EEOC seeks to correct Defendant's discriminatory recruitment, selection, and hiring practices, seeks redress for the class of persons harmed by the discriminatory practices, and seeks injunctive relief to ensure that Defendant's practices are modified in accordance with Title VII and the ADA.

To that end, EEOC requires discovery relating to Defendant's recruitment, hiring, and employee selection practices from 2000 to the present. Defendant refuses to provide discovery relating to the period from 2000 to 2003 on the misplaced grounds that the Complaint contains a "triggering date of 2004" and, presumably, therefore, discovery prior to 2004 is irrelevant. Certification of Rosemary DiSavino (hereinafter, "DiSavino Cert."). ¶ 6. Defendant's efforts to withhold crucial discovery based on a selective and overly-restrictive reading of the initial pleadings contravenes the well-settled liberal discovery standards typically applied in pattern-or-practice Title VII cases. Failure to obtain discovery related to Defendant's recruitment, selection, and hiring practices during a time when it admittedly hired the majority of its workforce serves

3

to deprive EEOC of the opportunity to identify potential claimants, conduct a more complete statistical analysis, and gather useful insight into Defendant's hiring practices.

### A. The Temporal Scope of EEOC's Discovery Requests Is Reasonable

The plain language of the Federal Rules of Civil Procedure and an abundance of case law favor broad discovery. Federal Rule 26(b)(1) permits parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...." The Rule goes on to provide:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

It is well settled that our "[c]ourts have construed this rule liberally, creating a broad vista for discovery." *Salamone v. Carter's Retail, Inc.*, Docket No. 09-5856, 2011 U.S. Dist. LEXIS 8425 at *27-*28 (D.N.J. Jan. 28, 2011) (citations omitted).

This broad scope of permissible discovery "holds especially true in Title VII cases, where 'courts have been cautioned not to impose unnecessary limitations on discovery.'" *Harris v. Public Service Elec. & Gas Co.*, Docket No.05-2003, 2007 U.S. Dist. LEXIS 5412 (D.N.J. Jan. 24, 2007) at *5-*6, quoting *Kresesky v. Panasonic Comm. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). Indeed, the Third Circuit "frown[s] upon unnecessary discovery limitations in Title VII ... cases." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), cert. denied, 515 U.S. 1159 (1995); *see also Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 55 (D.N.J. 1985).

Consistent with the liberal construction accorded the discovery rules, a determination of the permissible temporal scope of discovery is, likewise, broadly construed. Even in cases involving only individual claims of discrimination, courts routinely extend the scope of

4

discovery to a reasonable number of years prior to the liability period. *See, e.g., James v. Newspaper Agency Corp.*, 591 F. 2d 579 (10th Cir. 1979) (four years beyond the liability period); *Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62, 67 (E.D. Mo 1995) (four years beyond the liability period); *Stevenson v. Gen. Elec. Co.*, Docket No. 1-77-122, 1978 U.S. Dist. LEXIS 15133, at *3 (S.D. Ohio Oct. 4, 1978) (twelve years beyond the liability period); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (six-and-a-half years beyond the liability period); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D. Pa. 1979) (five years beyond the liability period); *Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) (five years beyond the liability period).

Courts within the Third Circuit have followed suit. *See Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 55 (D.N.J. 1985) ("the applicable discovery parameters must be broader than the specific, individualized facts upon which [the individual's] claims are based because of the nature of the proofs required to demonstrate unlawful discrimination, which may often be indirect or circumstantial."); *Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000) (plaintiff permitted to obtain discovery for a period of five years prior to filing of EEOC charge); *Wilson v. International Flavors & Fragrances, Inc.*, Docket No. 09-5475, 2010 U.S. Dist. LEXIS 43405 (D.N.J. May 4, 2010) (5 years beyond the liability period); *Harris v. Public Service Elec. & Gas Co.*, Docket No.05-2003, 2007 U.S. Dist. LEXIS 5412, *9-*10 (D.N.J. Jan. 24, 2007) (Judge Chesler reaffirmed the previous order requiring "production of information for ten years preceding the adverse employment decision at issue"); *Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153, 159 (D.D.C. 2003) (temporal scope of permissible discovery was seven years – including four years before plaintiff was employed); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (six-and-a-half years beyond the liability

period). Hence, EEOC's effort to obtain discovery for the three-year period preceding the known use of discriminatory recruitment, selection, and hiring practices is supported by the Federal Rules of Civil Procedure and the relevant decisional law.

The reasonableness of the temporal scope of EEOC's discovery requests is heightened by the unique posture of this case, a class case brought by EEOC. EEOC enjoys a unique and broad grant of statutory authority to pursue pattern-or-practice claims against private entities unencumbered by the same limitations and obstacles faced by private litigants. *Gen. Tel. Co., v. EEOC*, 446 U.S. 318, 326-29, 331 (1980); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 2914 (2002) (EEOC is the "master of its own case" which is granted statutory "authority to evaluate the strength of the public interest at stake."). EEOC class cases are not subject to Federal Rule of Civil Procedure 23, are not limited to or defined by charging parties' claims, and are not bound by traditional statutes of limitations. *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1979); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F. 3d 448, 462, 468 (6th Cir. 1999) (EEOC may pursue relief without being constrained by the procedural hurdles that apply to individuals because "Congress vested the EEOC with the responsibility of protecting not only the right of certain aggrieved individuals, but also the public interest generally.").[3]

### B. The Disputed Discovery Requests Seek Relevant Information

Additional considerations amplify the need for discovery of information related to Defendant's recruitment, hiring, and selection practices from 2000 through 2003. EEOC will present expert testimony in this case showing that Defendant's recruitment, selection, and hiring

---

[3] Indeed, numerous courts have concluded that no limitations period applies to EEOC pattern-or-practice actions. *See, e.g EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359-60 (6th Cir. 1975); *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir. 1994); *., EEOC v. Sterling Jewelers, Inc.*, No. 08-00706, 2009 U.S. Dist. LEXIS 122102, at *5 (W.D.N.Y. Oct. 1, 2009); *EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117, 1136 (D. Nev. 2007); *EEOC v. LA Weight Loss*, 509 F. Supp. 2d 527, 535 (D. Md. 2007); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 944, 966-67 (N.D. Ill. 2001); *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F. Supp. 1059, 1084 (C.D. Ill. 1998); *EEOC v. Rymer Foods, Inc.*, No. 88-10680, 1989 U.S. Dist. LEXIS 9003, at *4 (N.D. Ill. July 28, 1989).

practices have resulted in a statistically significant shortfall of African-American applicants and hires. Information related to Defendant's hiring patterns, the race of the applicants, and the race and qualification of the hirees over a ten year period will permit EEOC to conduct a more complete statistical analysis. Additionally, discovery regarding Defendant's recruitment, hiring, and selection practices during a ten year period permits EEOC to gather useful insight into Defendant's hiring patterns and practices. Finally, production of the requested information will permit EEOC to identify additional potential claimants and, if appropriate, seek to amend its complaint as early as possible.

## II. THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE FUNDAMENTAL, DISPUTED DISCOVERY SINCE DEFENDANT CANNOT SHOW THAT THE REQUEST SEEKS IRRELEVANT DISCOVERY OR THAT PRODUCTION WOULD BE UNDULY BURDENSOME.

Defendant FAPS, Inc. can not satisfy its burden of showing that the discovery is irrelevant or burdensome. Defendant's refusal to provide discovery relating to the disputed time frame rests, in part, on grounds that the initial pleading in this case purportedly "contains a triggering date of 2004." DiSavino Cert. ¶ 6. This assertion is simply incorrect and rests on an overly-restrictive, if not self-serving and selective, reading of the Complaint which ignores the plain and full meaning of the language used in the initial pleading. The Complaint states that Defendant has engaged in an *ongoing* pattern or practice of discrimination since *at least* 2004. EEOC Complaint ¶ 8. Additionally, as discussed more fully above, the information regarding Defendant's recruitment, hiring, and selection practices prior to 2004 are relevant here.

Similarly, Defendant has not satisfied its burden of showing that production of additional documents and responses would be unduly burdensome since Defendant has done nothing more than merely assert that it would be burdensome. It is axiomatic that "the party resisting production of discovery bears the burden of establishing lack of relevancy or undue burden."

7

*Guiterrez v. Johnson & Johnson, Inc.*, Docket No. 01-5302, 2002 U.S. Dist. LEXIS 15418, at *10 (D.N.J. Aug. 15, 2002). As Judge Politan noted in *Guiterrez*, a party

> must do more than argue that to compile and produce [the disputed discovery] would be burdensome, it must convince [the Court] that this burden is so great that it outweighs the ordinary presumption in favor of discovery. *Id.* at *23.

In deciding whether limitations on discovery are warranted, Federal Rule of Civil Procedure 26(b)(2)(C)(iii) instructs consideration of whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Weighing the "burden" of production against the factors set forth Federal Rule of Civil Procedure 26(b)(2)(C)(iii) militates soundly in favor of granting EEOC's motion. Similarly, the prejudicial impact of denying EEOC's motion is clear. The public interest would be harmed by the consequential limitation on the potential claimants and on the number of victims given an opportunity to be made whole for the harm they have suffered. Additionally, EEOC would be hampered by the limited evidence from which it may chose to rely on to present and prove its case. Simply put, there is no sound basis to deny EEOC access to the requested discovery.

### III. A DETERMINATION OF THE PROPER TEMPORAL SCOPE OF DISCOVERY IN THIS LITIGATION IS UNRELATED TO THE SCOPE OF EEOC'S ADMINISTRATIVE INVESTIGATION.

Defendant's contention that EEOC is not entitled to discovery relating to Defendant's recruitment, hiring, or selection practices prior to 2004 on grounds that EEOC did not "focus [on pre-2004 during] the initial investigation" is wrong as a matter of law. DiSavino Cert., Exh. F.

Discovery in this litigation is not confined to the parameters of inquiry undertaken during EEOC's administrative investigation.[4]

Courts have repeatedly held that the sufficiency of EEOC's administrative investigation and determination is not judicially reviewable. *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984)("It was error for the district court to inquire into the sufficiency of the Commission's investigation."); *EEOC v. New York News, Inc.*, No. 81 Civ. 337 (MJL), et al., 1985 U.S. Dist. LEXIS 17462, at *3 (S.D.N.Y. July 26, 1985) ("The EEOC correctly asserts that the Court should not inquire into the sufficiency of the investigation performed by the EEOC."); *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 272 (D. Minn. 2009) ("Courts do not, however, review the substance of the EEOC's investigation in order to evaluate the basis of its reasonable cause determination."). As the court in *Keco Indus., Inc.*, 748 F.2d at 1100, noted, an inquiry into the sufficiency of EEOC's investigation and determination would deflect the efforts of both the court and the parties from the main purpose of the litigation.

Since EEOC's investigation is not an adjudicative proceeding but simply an investigation to determine if there is a basis for the discrimination charge that was filed and because litigation is *de novo*, the fact that EEOC conducted an administrative investigation should not prohibit or limit discovery. *EEOC v. Home Insurance Co.*, No. H-79-663, 1981 U.S. Dist. LEXIS 11668 (S.D.Tex. March 6, 1981); *EEOC v. Hickey-Mitchell Co.*, 372 F Supp. 1117, 1121 (E.D. Mo. 1973)(rejecting the proposition that the scope of discovery in EEOC lawsuit is limited to the scope of the administrative discovery). In *Home Insurance,* defendant attempted to limit the scope of EEOC's discovery to the time period encompassed in EEOC's administrative

---

[4] Defendant's fundamental misunderstanding in this regard is also manifested in an objection raised to several of EEOC's discovery requests in which Defendant objects on grounds that the inquiry "seek information in excess of what has already been provided to the EEOC during the investigative stage." DiSaviino Cert, Exhibit E, page 1.

9

investigation. There, the court rejected defendant's argument, compelled discovery, and held that,

> This lawsuit is separate and distinct from the EEOC's initial reasonable cause determination proceedings. It is undisputed that a private individual would not be bound to the scope of the initial EEOC investigation in a subsequent action in federal court. It is equally clear that the EEOC suing on behalf of a class of individuals should not be so bound.

*Id.* at *3

Since the temporal scope of the inquiry undertaken by EEOC during its administrative investigation has no relevance here, Defendant's effort to limit EEOC's ability to engage in discovery in this litigation should not be countenanced by this Court.

## Conclusion

For the foregoing reasons, EEOC requests that the Court grant its Motion to Compel in its entirety.

Date:   October 14, 2011                     Respectfully Submitted

/s/  Rosemary DiSavino
 Rosemary DiSavino
Trial Attorney
Equal Employment Opportunity Commission
One Newark Center, 21st Floor
Newark, N.J.  07102
rosemary.disavino@eeoc.gov

10