NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,                          Civil No. 10-3095 (JAP)(DEA)

      v.                                 **OPINION**

FAPS, INC.,

      Defendant.

PISANO, District Judge.

The Equal Employment Opportunity Commission ("EEOC") brought this suit against FAPS, Inc. ("FAPS"), pursuant to Title VII of the 1964 Civil Rights Act and the Americans with Disabilities Act ("ADA"), to secure relief against allegedly discriminatory employment practices occurring at FAPS. Before the Court is the EEOC's motion for summary judgment on its ADA claim, arguing that there is no disputed issues of material fact on its claim that FAPS's pre-offer medical inquiry constitutes a per se violation of the ADA. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies the EEOC's motion.

**I.  Factual and Procedural Background**

FAPS has revised the format of its employment application over the years. It is undisputed that, during the relevant time period, the following question was included in FAPS's pre-offer employment application:

> DO YOU HAVE ANY IMPAIRMENT, PHYSICAL, MENTAL OR MEDICAL, WHICH WILL PREVENT YOU FROM SATISFACTORILY PERFORMING THE JOB WHICH YOU HAVE APPLYING [sic] ALLOWING FOR REASONABLE ACCOMODATION?  YES ___   NO ___  IF YES PLEASE EXPLAIN _____.

*See* Declaration of Rosemary DiSavino ("DiSavino Decl.") ¶ 4.  Gary LoBue, one of the two owners of FAPS, admits that it was his idea to place the pre-offer medial inquiry on FAPS's employment application, and that he "messed up" by doing so.  *See* Deposition of Gary LoBue ("LoBue Dep.") 101:6–21.  Julie Lynch, FAPS's sole Human Resources Administrator, has stated that the pre-offer medical inquiry used in FAPS's employment application was not a permissible question under federal and state law as it was worded.  *See* Deposition of Julie Lynch ("Lynch Dep.") 106.  According to Lynch, FAPS removed the medical inquiry from its application in early 2009 prior to the filing of this lawsuit; LoBue, however, thought it was removed when the EEOC actually filed the lawsuit.  The EEOC has found two applications that include the medical inquiry in the summer of 2009, the latest of which is dated August 31, 2009.

FAPS has submitted evidence indicating that the medical inquiry was placed on the employment application so that FAPS would know where to place the applicant, because the employees engage in routine tasks that involve the operation of dangerous machinery and in tasks that involve the use of and being around noxious chemical.  FAPS asserts that responses to the medical inquiry from an applicant have kept the employee from inhaling noxious chemicals.  It also asserts that it has employed many applicants with identifiable medical conditions, and has never rejected an applicant because a "yes" was given to the question.  It also asserts that it has placed employed persons with disabilities in the appropriate position based upon the applicant's response to the medical inquiry.

On October 18, 2007, the EEOC filed a Commissioner's Charge that alleged FAPS engaged in an on-going, pattern or practice of race and sex discrimination against African Americans and female applicants and employees from at least 2007 until 2007. By notice dated August 11, 2009, the EEOC issued a Determination relative to the Charge. As relevant here, the Determination states:

> Arising out of the investigation, the Commission has found that Respondent, in its employment applications, asks applicants whether they have a disability. This is a clear violation of the Americans with Disabilities Act of 1990 (ADA).

*See* Declaration of Avis Bishop-Thompson ("Bishop-Thompson Decl.") Ex. 2. The Determination thereafter "invited" FAPS to join with it in reaching a joint resolution through conciliation. During the conciliation process, FAPS has asserted that the EEOC was advised that FAPS removed the medical inquiry from its employment application, and that the EEOC never conciliated any claims related to the per se violation of the ADA claim during the course of conciliation. On December 1, 2009, the EEOC issued a Notice of Conciliation Failure, which states that the EEOC "has determined that its efforts to conciliate this charge filed under Title VII have been unsuccessful." DiSavino Decl. Ex. A.

On June 17, 2010, the EEOC filed this lawsuit, claiming that FAPS has violated both Title VII of the Civil Rights Act by its alleged discrimination of African Americans in its hiring and recruiting practices and that it has committed a per se violation of the ADA by its medical inquiry contained within the pre-offer job application. The EEOC has now moved for summary judgment on this ADA claim.

**II.    Standard of Review**

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden of establishing that that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the admissible evidence contained in the record would be insufficient to carry the nonmoving party's burden of proof.  *Celotex Corp.*, 477 U.S. at 322.  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  *Id.* at 324.  The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "To be material, a fact must have the potential to alter the outcome of the case" under governing law.  *N.A.A.C.P v. North Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011).

  The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## IV. Discussion

As a threshold matter, Defendant FAPS argues that summary judgment should not be entered on the ADA claim because the EEOC failed to comply with Title VII's multistep enforcement procedure before it filed the present suit. On the merits, FAPS defends the use of the medical inquiry as being job-related and a business necessity, and alternatively argues that the EEOC has failed to establish that an injunction can properly be entered by the Court.

### A. *Compliance with Title VII Multistep Enforcement Procedures*

Because FAPS argues that the EEOC has failed to satisfy its conciliation requirements, a mandatory prerequisite to filing suit, the Court addresses this issue first. Congress has charged the EEOC with the power to eliminate impermissible practices under the ADA and has provided the EEOC with the ability to seek injunctions. *See* 42 U.S.C. § 12117; *see also Occidental Life Ins. Co. v. E.E.O.C.*, 432 U.S. 355, 358–59 (1977) (explaining that the EEOC is authorized to bring civil suits to enforce Title VII). The ADA incorporates, by reference, Title VII's procedural requirements. *See* 42 U.S.C. § 12117.

When a charge of discrimination is filed by a member of the EEOC, the EEOC must notice the employer of the charge, investigate the allegations, and make a determination as to whether there is "reasonable cause" to believe the allegations took place. 42 U.S.C. § 2000e–5(b). If the EEOC "determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* The EEOC must give an employer a chance to conciliate as a prerequisite of filing suit. *Id.* In other words, "[o]nly after the EEOC is unable to obtain an acceptable conciliation agreement from the employer may the agency file suit in court." *E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1101

(6th Cir. 1984); *see also* 42 U.S.C. § 2000e–5(f)(1) ("If . . . the [EEOC] has been unable to secure from the respondent a conciliation agreement acceptable to the [EEOC], the [EEOC] may bring a civil action . . . ."); *E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 468 (5th Cir. 2009) ("The EEOC has a statutory obligation to attempt conciliation with employers . . . ."); *E.E.O.C. v. U.S. Steel Corp.*, CIV.A. 10-1284, 2013 WL 625315, at *7 (W.D. Pa. Feb. 20, 2013) ("When EEOC sues in its own name, it may litigate only those claims which have been subjected to the complete administrative processing required by Title VII.") (quoting *EEOC v. E. Hills Ford Sales, Inc.*, 445 F. Supp. 985, 987 (W.D.Pa.1978)).

Accordingly, the EEOC's "duty to attempt conciliation is one of its most essential functions." *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir.1979). It represents "the preferred means of achieving the objectives of Title VII." *Agro Distribution*, 555 F.3d at 468(quoting *EEOC v. Pierce Packing Co.,* 669 F.2d 605, 609 (9th Cir.1982)). "The EEOC is required to conciliate in good faith." *E.E.O.C. v. Sears, Roebuck & Co.*, 391 F. Supp. 2d 317, 320 (D.N.J. 2005) (citing *EEOC v. Equicredit Corp. of Am.*, No. 02-CV-844, 2002 WL 31371968, at *3 (E.D. Pa. Oct. 8, 2002)). "[A]s the agency created to administer and enforce our employment discrimination laws," the EEOC has "discretion as to the 'form and substance' of what the conciliation proposal should include," *Sears*, 391 F. Supp. 2d at 320, and will "not be subject to 'judicial second-guessing.'" *Equicredit Corp.*, 2002 WL 31371968, at *3 (E.D. Pa. Oct. 8, 2002) (*E.E.O.C. v. Dial Corp.*, 156 F. Supp. 2d 926, 940 (N.D. Ill. 2001)); *see also Keco Indus.*, 748 F.2d at 1102.

Currently, there is a circuit split as to the scope of inquiry a court may make into the EEOC's statutory conciliation obligation. The Second, Fifth, and Eleventh Circuits evaluate conciliation under a three-part inquiry, finding that the EEOC must "(1) outline to the employer

the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer" in order to meet its conciliation requirements. *E.E.O.C. v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) (citing *EEOC v. Klingler Elec. Corp.,* 636 F.2d 104, 107 (5th Cir. 1981)); *see also EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534 (2d Cir. 1996). Alternatively, the Fourth, Sixth, and Tenth Circuits employ a more deferential standing, requiring only that the EEOC's conciliation efforts meet a minimum level of good faith. *See Keco Indus.,* 748 F.2d at 1102; *EEOC v. Radiator Specialty Co.,* 610 F.2d 178, 183 (4th Cir.1979); *EEOC v. Zia Co.,* 582 F.2d 527, 533 (10th Cir.1978). These courts, while perhaps split on the proper scope of conciliation review, all agree that conciliation is subject to at least *some* level of judicial review. Most recently, the Seventh Circuit split from this general agreement, holding that there is no "failure-to-conciliate" defense because the EEOC's conciliation efforts are not subject to judicial review. *See E.E.O.C. v. Mach Min., LLC*, 738 F.3d 171, 182 (7th Cir. 2013) *cert. granted*, 134 S. Ct. 2872 (U.S. 2014).[1]

While the Third Circuit has yet to hear this issue, courts within this Circuit have at least implicitly held that conciliation efforts may be reviewed by the court. In general, these courts have looked to see if the EEOC has made a good faith effort to conciliate. *See, e.g.*, *E.E.O.C. v. Hugin Sweda, Inc.*, 750 F. Supp. 165, 168 (D.N.J. 1990) (staying a matter where there was a lack of good faith conciliation effort on the EEOC's part); *E.E.O.C. v. Rhone-Poulenc, Inc.*, 677 F. Supp. 264, 266 (D.N.J. 1988) *aff'd*, 876 F.2d 16 (3d Cir. 1989) (finding that the EEOC made an adequate attempt to conciliate after reviewing evidence of the conciliation conference); *Sears, Roebuck & Co.*, 391 F. Supp. 2d at 320 (reviewing the conciliation efforts of the EEOC and

---

[1] As indicated, the Supreme Court has recently granted certiorari on the issue of whether and to what extent a court may enforce EEOC's mandatory duty to conciliate discrimination claims before filing suit. It is scheduled to be heard in the October 2014 term, but an oral argument date has yet to be set.

finding that the EEOC conciliated in good faith, but refusing to review the "form and substance" of the conciliation proposal); *Equicredit Corp. of Am.*, 2002 WL 31371968, at *3–4 (finding that the record indicated that the EEOC "made a sincere and reasonable effort to negotiate in good faith, thereby fulfilling its obligations"); *E.E.O.C. v. Bimbo Bakeries USA, Inc.*, CIV. 1:09-CV-1872, 2010 WL 598641 (M.D. Pa. Feb. 17, 2010) (staying the action for a conciliation conference where the court found that there was no good faith effort to conciliate by the EEOC); *U.S. Steel Corp.*, 2013 WL 625315, at *7–11.

Regardless of what level of judicial review should be afforded to the EEOC's substantive conciliation efforts, a major factual dispute arises in this case over whether or not the EEOC even attempted to conciliate the ADA violation before it became the subject of the current litigation. EEOC argues that its conciliation efforts are not subject to judicial review; however it is a statutory requirement for the EEOC to attempt to conciliate before initiating a lawsuit. Here, FAPS's argument does not pertain to the sufficiency of the EEOC's efforts at conciliation; rather it disputes that the EEOC ever addressed the issue of the ADA violation during the conciliation process. EEOC argues that the Court cannot rely on such evidence, because FAPS inappropriately disclosed this information in violation of 42 U.S.C. § 2000e-5(b).[2] While the Court agrees that what FAPS and the EEOC discussed during conciliation may be in violation of § 2000e-5(b), the Court does not think that FAPS's general statement that the EEOC did not conciliate any claims related to the alleged ADA violation is in breach of the statutory prohibition against making public anything "said or done during and as part of [conciliation]." 42 U.S.C. § 2000e-5(b). This statement is not "delving into the substantive aspect of any

---

[22] 42 U.S.C. § 2000e-5(b) provides: "Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

conciliation negotiations," but rather pertains only to the actions (or lack thereof) in conciliating the ADA charge. *E.E.O.C. v. LifeCare Mgmt. Servs., LLC*, 02: 08-CV-1358, 2009 WL 772834 (W.D. Pa. Mar. 17, 2009). The Court is of the belief that such evidence regarding the failure of the EEOC to actually take action to conciliate at all is not within the scope of 42 U.S.C. § 2000e-5(b). *See id.* (citing *EEOC v. Mobil Oil Corp.*, No. 73cv139–W–2, 1973 WL 231, at *1 (W.D. Mo. Sept. 17, 1973) (finding that "the objective operative facts" of the conciliation process are relevant and subject to discovery because they are not covered by § 2000e-5(b)). Furthermore, the Court does not think that, as the movant in this summary judgment proceeding, the EEOC should be allowed to "benefit from the ensuing evidentiary void. In other words, [the EEOC] 'cannot have its cake and eat it, too.'" *U.S. Steel*, 2013 WL 625315, at *11.

Even considering the record as it would otherwise stands, there is a genuine issue of material fact as to whether the EEOC has satisfied its pre-suit obligations under Title VII. The EEOC has supplied the Letter of Determination (the "LOD"), dated August 11, 2009, and the subsequent Notice of Conciliation Failure (the "Notice"), dated December 1, 2009, to the Court. The LOD clearly states that "the evidence obtained during the investigation establishes a violation of Title VII and the ADA." *See* Declaration of Rosemary DiSavino ("DiSavino Decl.") Ex. A, at 1–2. The Notice, however, only references a failure to conciliate a Title VII claim; specifically, it states: "The Equal Employment Opportunity Commission (EEOC) has determined that its efforts to conciliate this charge filed under **Title VII** have been unsuccessful. Therefore, the case has been referred to our Legal Unit for possible litigation." *Id.* at 3 (emphasis in original). There is, clearly, no reference to the ADA claim in the Notice. Therefore, these documents alone create a disputed fact as to whether the ADA claim was actually conciliated by the parties. There has been no other documentary evidence provided to

9

this Court that shows that the ADA claim went through the conciliation process. The Court must ensure that the EEOC has satisfied the pre-suit requirement of giving an employer a chance to conciliate before filing suit. Considering the record as it now stands, there is a genuine issue of material fact as to whether the EEOC has satisfied its statutory pre-suit conditions. The Court cannot, therefore, grant summary judgment in favor of the EEOC.

Considering the evidence before it, the Court is not convinced that a conciliation effort was ever made on the ADA claim by the EEOC. The EEOC has provided the LOD and the Notice in an attempt to establish that the claim was, in fact, conciliated. As discussed, the Court finds that these documents, in and of themselves, imply that the claim was never conciliated. If the EEOC wants the Court to move to the merits of the ADA claim, it must first prove the necessary prerequisites under Title VII. If the EEOC thinks that the only way to establish that it conciliated is to release confidential documents under 42 U.S.C. § 2000e-5(b), the Court strongly suggests that the parties enter into a consent agreement to do so. Otherwise, as it stands, the EEOC has failed to establish that that it appropriately filed suit under the ADA. Accordingly, the Court orders the EEOC to establish, within 30 days of the entry of the accompanying Order, that it has conciliated its ADA claim.

The Court is permitted, under Federal Rule of Civil Procedure 56(f), to grant summary judgment for a nonmovant after giving notice and reasonable time to respond. If the EEOC fails to establish it engaged in conciliation efforts on the ADA claim, the Court will, under Rule 56(f), enter summary judgment for FAPS. Typically, "when the EEOC has failed to meet its duty to conciliate, the preferred remedy is not dismissal but instead a stay of the action to permit such conciliation." *E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 643 (S.D.N.Y. 2010). A stay is a practical remedy because it allows the parties to meet in an attempt to resolve issues that have

been left aside, and as such, it is "typically granted early in the litigation process or when conciliation was ended prematurely." *Id.* Here, the EEOC has revealed its intent to file for a permanent injunction if FAPS is found liable for violating the ADA. It is undisputed, however, that there is no evidence that the medical inquiry question remained on FAPS's applications after 2009.[3] Therefore, the Court believes that any attempt at conciliation of the ADA claim at this stage would be futile, and a waste of resources for the parties. The claim, after all, is moot, as FAPS has removed the medical inquiry from its applications approximately five years ago. Where, like here, an employer shows that there is "no reasonable expectation that the wrong will be repeated," there is no need for an injunction to issue. *E.E.O.C. v. Creative Networks, L.L.C.*, 912 F. Supp. 2d 828, 846 (D. Ariz. 2012) (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 633 (1953)) (quotation omitted). Accordingly, the Court concludes that dismissal of the ADA claim would be the most appropriate sanction in these circumstances, and judgment should be entered in favor of FAPS.

## IV.   Conclusion

For the reasons stated above, EEOC's motion for partial summary judgment is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano<br>
JOEL A. PISANO, U.S.D.J.

Dated: September 26, 2014

---

[3] As the EEOC itself has stated, there is no evidence of any application containing the allegedly improper medical inquiry since August of 2009, and FAPS has asserted that it removed the question from its application in "early 2009." The EEOC speculates that "it is possible" that there may be more applications from later years that contain the allegedly improper medical inquiry. Such speculation is not enough to establish the existence of a material fact. *See, e.g.*, *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 383 n. 12 (3d Cir. 1990) (stating that "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment")