## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-3095 (JAP)(DEA) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| | : | |
| FAPS, INC., | : | |
| | : | |
| Defendant. | : | |

ARPERT, Magistrate Judge

This matter comes before the Court on two Motions: (1) a Motion for reconsideration of the Court's September 10, 2013 Order by Defendant [Dkt. No. 96]; and (2) a Motion for reconsideration of the Court's September 10, 2013 Order by Plaintiff [Dkt. No. 97]. Both Motions are opposed [Dkt. Nos. 104, 105]. For the reasons set forth below, Defendant's Motion for reconsideration [Dkt. No. 96] is DENIED and Plaintiff's Motion for reconsideration [Dkt. No. 97] is DENIED.

## I.      BACKGROUND

The parties are intimately familiar with the facts of this case. Accordingly, the Court will not recite them at length. The EEOC brought this action until Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 to "correct unlawful employment practices on the basis of race and disability, and to provide relief to a class of potential and actual applicants who were adversely affected by such practices." Compl. at 1.

As relevant to the present Motion, on July 3, 2013, Plaintiff sent a letter to the Court claiming that Defendant's counsel had hired a private investigator to conduct *ex parte* interviews of the 28 claimants and potential claimants listed in the EEOC's Second Amended Rule 26 disclosures. Plaintiff's letter requested that the Court intervene to prevent Defendant's investigator from conducting any further interviews. Defendant submitted a response to Plaintiff's letter claiming that no attorney-client privilege existed between the claimants and the EEOC and that the private investigator was instructed to terminate the interviews and cease contact with the claimants if the claimants informed the investigator that they were represented by counsel.

The Court held a hearing on July 23, 2013, after which Plaintiff and Defendant submitted conflicting certifications regarding the substance of the communications between the claimants and the private investigator. Plaintiff submitted certifications of five claimants who were interviewed by the private investigator. Two of the five claimants stated that the private investigator had affirmatively misled them to believe that he worked for the EEOC and the remaining three claimants stated that they assumed private investigator worked for the EEOC even though the investigator had informed the claimants that he was working on Defendant's behalf. The certifications stated that during the private investigator's interviews with four of the five claimants the investigator did not ask whether they were represented by counsel, and one claimant stated that even after informing the investigator he was represented by counsel the investigator continued the interview. Defendant submitted certifications which disputed some or all of the allegations stated by the claimants in their certifications.

During the July 12, 2013 hearing, counsel for the EEOC admitted that its expert, Dr. Palmer Morrel-Samules, mailed 851 written questionnaires and attempted to contact, by

telephone, additional FAPS applicants. Four FAPS employees received the questionnaires and several responses to the questionnaire were received after the fact discovery deadline of June 28, 2103.

On September 10, 2013, the Court issued a Memorandum Opinion and Order, which is the subject of both Defendant's and Plaintiff's present Motions for reconsideration. *See* Dkt. No. 91. The Court's Order stated that based on the certifications of the claimants, it appeared that Defendant's private investigator "engaged in some level of wrongdoing with respect to [the] communications with potential claimants." *Id.* at 9. As a result of Defendant's misconduct, the Court ordered Defendant to "disclose all materials, documents, notes and communications between defense counsel and or defense counsel's agents and the EEOC" and prohibited Defendant from using any information gleaned from the interviews or engaging in additional *ex parte* communications with EEOC claimants and potential claimants. *Id.* at p. 10.

In addition, the Court addressed the EEOC's admission during the July 12, 2013 hearing that its expert had mailed written questionnaires and attempted to contact additional FAPS applicants, and that several responses to the questionnaire were received after the fact discovery deadline. Taking the EEOC's admission into account, the Court found that both parties violated the existing Case Management Order by continuing to engage in discovery after the expiration of the fact discovery deadline. Accordingly, the Court directed both parties to cease all fact discovery and prohibited the parties from engaging in further discovery.

## II.    DISCUSSION

Defendant moves for reconsideration of the Court's September 10, 2013 Order based on the assertion that the Court "overlooked" that: (1) there was no attorney/client relationship proven and therefore there was no prior inquiry into the status of the claimants' representation

required; (2) reasonable inquiry was in fact made but opposing counsel refused to respond; (3) the declarations in the record established that no misconduct occurred; and (4) since there was no attorney/client relationship, the Court overlooked precedent holding that no sanctions should result from a violation of RPC 4.2. *See* Dkt. No. 96 at p. 2-3. Plaintiff's Motion for reconsideration claims that the questionnaire sent by Plaintiff's expert constituted expert discovery and therefore did not violate the fact discovery deadline set forth the CMO. *See* Dkt. No. 97.

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an

4

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.,* Civ. No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *3 (D.N.J. Dec. 1, 1989). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

**A. Defendant's Motion for Reconsideration [Dkt. No. 96]**

Defendant claims that because no attorney-client relationship existed between the claimants and the EEOC, no inquiry into the claimants' representation was required prior to conducting the interviews. In the initial analysis of this issue when it was first raised by the parties, the Court acknowledged the differing conclusions reached by courts with respect to the

parameters of the attorney-client relationship between the EEOC and claimants or potential claimants and noted that while "several jurisdictions allow *ex parte* communications with EEOC claimants prior to the establishment of the attorney-client relationship, *ex parte* communications should be undertaken with caution." Dkt. No. 91 at 5 (citing *EEOC v. Dana Corp.,* 202 F. Supp. 2d at 830). Accordingly, the Court found that although the presumption against the existence of an attorney-client relationship was stronger than the presumption in favor of an attorney-client relationship, in this case, defense counsel did not take sufficient precautions to determine whether an attorney-client relationship existed prior to engaging in *ex parte* communications.

While it is clear that Defendant does not agree with the Court's decision, Defendant's Motion falls short of the high bar for reconsideration. Although Defendant claims that the Court overlooked key issues and facts, including the certifications Defendant submitted, Defendant has failed to identify any controlling law or fact not considered by the Court in reaching its decision on this issue. Accordingly, the Court finds that Defendant is asking the Court to "rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994). Therefore, because Defendant has failed to show an intervening change in the controlling law, the availability of new evidence or the need to correct a clear error of law or fact to prevent manifest injustice, Defendant's Motion for reconsideration is DENIED.

**B. Plaintiff's Motion for Reconsideration [Dkt. No. 97]**

Plaintiff requests the Court to reconsider its finding that the survey prepared and distributed by Dr. Morrel-Samuels was fact discovery conducted after the expiration of the deadline set forth in the Case Management Order. Plaintiff contends that the survey and the

responses to the survey were always considered by the EEOC as expert discovery "if it constituted discovery at all." Dkt. No. 97 at 2.

In support of reconsideration, Plaintiff cites several cases which purportedly stand for the proposition that "where, as here, a party retains an expert to develop, conduct, and analyze a survey for potential use in an expert report, such endeavors and material constitute expert discovery." *Id.* at 4. The Court has reviewed the authority cited by Plaintiff and finds nothing to suggest that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations and quotations omitted).

In addition to Plaintiff's failure to demonstrate any intervening changes of law or new evidence which would cause the Court to reconsider its decision, Plaintiff has also failed to show any clear error of law which would result in a manifest injustice. Plaintiff's Motion appears to arise from Plaintiff's desire to "avoid any future argument that any part of the survey results should be struck from the record as untimely discovery." Dkt. No. 97 at 7. However, Plaintiff's concern regarding the admissibility of the survey is premature and falls short of demonstrating any manifest injustice resulting from the Court's decision. Accordingly, because the Court finds that Plaintiff has failed to set forth any matter or controlling decision which the Court has overlooked, Plaintiff's Motion for reconsideration is DENIED.

## III.    CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 9th day of March, 2015,

7

**ORDERED** that Defendant's Motion for reconsideration [Dkt. No. 96] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for reconsideration [Dkt. No. 97] is **DENIED**.


/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge